UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CRAVEN CASPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-2951 (UNA) |
| | ) |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This matter is before the Court on review of plaintiff's application to proceed *in forma pauperis* (ECF No. 1-2 at 169-70) and *pro se* civil complaint (ECF No. 1). The Court GRANTS the application and, for the reasons stated below, DISMISSES the complaint and this civil action.

Plaintiff, against whom two criminal cases were brought in this district, alleges he has submitted to the Clerk of Court at least six documents since April 2023 which do not appear on the Court's docket. *See* Compl. ¶ 4. He asserts "an expectation . . . that: (a) every document filed will be entered on the docket; (b) each party will receive copies of every document filed in the case; and (c) the litigant is aware of every order that the Court has issued," *id*. ¶ 8, yet "the docket shows no Motions filings from June, 2022, to present," *id*. ¶ 2, and six months have passed "without a ruling [on his motions] or correspondence from the Court," *id*. ¶ 6. Plaintiff demands "immediate release of Court rulings on all of the aforementioned Motions and demands the case docket be updated to reflect all motions filed since April, 2023." *Id*. at 5. He also demands a jury trial, an award of unspecified compensatory damages, and the Clerk's immediate termination and criminal prosecution. *See id*.

Although plaintiff names the United States as a party defendant, the focus of the complaint is alleged wrongdoing by the Clerk of Court. Because the absolute immunity that

1

judges enjoy, *see Mirales v. Waco*, 502 U.S. 9 (1991) (finding that "judicial immunity is an immunity from suit, not just from ultimate assessment of damages"), extends to Clerks of Court performing "tasks that are an integral part of the judicial process," *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993), plaintiff's claims against the Clerk of Court must be dismissed.  *See Jones v. U.S. Supreme Court*, No. 10-0910, 2010 WL 2363678, at *1 (D.D.C. June 9, 2010) (concluding that court clerks are immune from suits for damages arising from activities such as the "receipt and processing of a litigant's filings"), *aff'd*, 405 F. App'x 508 (D.C. Cir. 2010) (per curiam), *aff'd*, 131 S. Ct. 1824 (2011); *Hurt v. Clerks, Superior Court of District of Columbia*, No. 06-cv-5308, 2006 WL 3835759, at *1 (D.C. Cir. Dec. 22, 2006) (per curiam) (affirming the dismissal of action against judicial clerks to whom absolute judicial immunity is extended); *Sindram*, 986 F.2d. at 1461 (citations omitted).

To the extent plaintiff demands that the judge presiding over the criminal cases issue rulings on his motions, this Court may not grant such relief.  Each judge manages his cases as he sees fit.  *See Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) ("This Court has . . . held that district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."); *Jones*, 2010 WL 2363678, at *1 ("This court is not a reviewing court and cannot compel Supreme Court justices or other Article III judges in this or other districts or circuits to act."); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962).

Plaintiff is no more successful with his demand that the Clerk of Court be prosecuted.  The decision to commence or terminate criminal proceedings is one for the Executive Branch of the government, not the judiciary.  *See Heckler v. Chaney*, 470 U.S. 821, 831 (1985) (noting that "an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a

decision generally committed to an agency's absolute discretion"); *United States v. Nixon*, 418 U.S. 683, 693 (1974) (acknowledging that the Executive Branch "has exclusive authority and absolute discretion to decide whether to prosecute a case").

An Order consistent with this Memorandum Opinion is issued separately.


DATE: February 7, 2024                               RUDOLPH CONTRERAS
                                                     United States District Judge